IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CIVIL ACTION |
| | : | |
| GEMEENA SCRUGGS | : | NO. 21-2619 |

## MEMORANDUM

**Savage, J.**                                                                                                                             **September 30, 2024**

Plaintiff Gemeena Scruggs initiated this *pro se* civil action by emailing a photograph of a United States Department of Justice "Citizen Complaint Form" to the Clerk of Court in which she asserts that she was denied access to the Criminal Justice Center on May 14, 2021. Because Scruggs failed to pay the required filing fee or file a motion to proceed *in forma pauperis*, we dismissed her case without prejudice on August 20, 2021. Scruggs seeks to reopen the case by requesting leave to proceed *in forma pauperis* and filing an Amended Complaint. Because it appears that Scruggs is not capable of paying the fees to commence this civil action, we shall grant her leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss her Complaint without prejudice and grant her leave to amend.

### FACTUAL ALLEGATIONS[1]

On June 3, 2021, Scruggs sent the following documents to the Clerk's Office for filing: (1) a United States Attorney's Office Citizen Complaint Form dated May 14, 2021; (2) a May 17, 2021 letter addressed to her from an attorney; and (3) an email referencing

---

[1] The following allegations are taken from Scruggs's filings. We adopt the pagination applied to those filings by the CM/ECF docketing system.

a prior "federal lawsuit against The city of Philadelphia department of human services."[2] The Citizen Complaint Form indicates that Scruggs was scheduled for a hearing on May 14, 2021, but was denied entry into the Criminal Justice Center by "Gallagher."[3]  Scruggs allegedly needed to "change deeds" because her "son was murder[ed] by these corrupt people that forge the deeds."[4]  The letter from the attorney addresses Scruggs's failure to appear at a May 14, 2021 preliminary hearing for a state court criminal case, *Commonwealth v. Scruggs*, MC-51-CR-20054-2020 (Phila. Mun. Ct.).[5]  Scruggs's June 3, 2021 email suggests that she was attempting to file an amendment with respect to a previously filed case she was unable to "finish . . . because of the drama with [the] Bristow Browns estate."[6]  She asserts that unidentified police "are involved in to [sic] much corruption." [7]

Scruggs was ordered to either pay $402, or file a motion to proceed *in forma pauperis* within thirty days[8]  Scruggs was advised that if she failed to comply with the Order, her case would be "dismissed without further notice for failure to prosecute."[9] After

---

[2] Citizen Complaint Form (Compl.).  (ECF No. 1).

[3] *Id.* at 1.

[4] *Id.*

[5] May 17, 2021 Attorney Letter (ECF No. 1-1).

[6] ECF No. 1-2.

[7] *Id.*

[8] ECF No. 3.

[9] *Id.*

Scruggs failed to comply with the July 13, 2021 Order, we dismissed her case without prejudice for failure to prosecute on August 20, 2021.[10]

In April 2022, Scruggs filed additional exhibits.[11] The first group is comprised of court documents pertaining to a bench warrant hearing in a state court criminal case in which she is a defendant.[12] Specifically, Scruggs attached a copy of the bail bond issued on January 4, 2022[13] together with additional bail information.[14] It appears from these documents that Scruggs was charged with burglary, criminal trespass, conspiracy, and criminal mischief.[15]

Scruggs also submitted several pages of excerpts of numerous criminal statutes as well as her description of circumstances surrounding her December 31, 2021 arrest and subsequent detention.[16] In connection with that arrest, Scruggs avers that her shopping cart containing $5,000 worth of merchandise was stolen. After contacting the police, she was arrested and searched by Officer Stucker who was "inappropriate."[17] Scruggs was "locked up for 4 days" and had to give blood and take a tuberculosis test before she could be released.[18] She claims that "they" broke her phone so her husband

---

[10] ECF No. 5.

[11] ECF Nos. 6, 7.

[12] ECF No. 6.

[13] *See id.* at 1-2.

[14] *Id.* at 3-5

[15] *Id.* at 2.

[16] ECF No. 6-1.

[17] *Id.* at 1.

[18] *Id.* at 2.

could not get in touch with her.[19] Scruggs also describes an arrest that occurred on April 10, 2022 when she was squatting at a residence in Philadelphia.[20] She asserts that several personal items were stolen from her while she was detained in a "human trafficking building" overnight.[21]

Other typewritten documents submitted in April 2022 show that Scruggs previously filed a complaint against the Philadelphia Department of Human Services for a conspiracy involving the "Bristow Brown estate and Human Trafficking."[22] Although not clear, Scruggs appears to contest a custody determination as well as the alleged termination of her parental rights with respect to her child and she also asserts that the Department of Human Services was involved in the death of her son's father.[23] She avers that her wallet was stolen, her house was foreclosed upon, and she was the victim of identity theft.[24] Scruggs again refers to several criminal statutes, including those related to identity theft, kidnapping, and human trafficking.[25]

On July 19, 2022, Scruggs sent an email to the Court requesting that a July 5, 2022 letter be added to her case.[26] This letter is addressed to William Walker from Sonya M. Gross, an Assistant Federal Defender from the Felony Waiver Unit, advising Walker

---

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] ECF No. 7.

[23] *Id.* at 1

[24] Id. at 1-2.

[25] *Id.* at 2-4.

[26] ECF No. 8-1.

that a bench warrant had been issued for her failure to appear at pre-trial conferences scheduled in case number CP-51-CR-0002872-2022.[27]

On February 28, 2024, Scruggs wrote a letter to the Clerk of Court requesting that this case be reopened.[28] She seeks to reopen the case because her phone was "stolen by Eric Gardner Probation in North Philadelphia." She asserts that the case will be clarified once it is reopened.[29]

In a March 7, 2024 Order, Scruggs was directed to either pay the fees to reopen this case or to file a motion for leave to proceed *in forma pauperis* if she could not afford to pay those fees.[30] She filed a Motion for Leave to Proceed *In Forma Pauperis* on March 20, 2024.[31] She also filed an Amended Complaint, noting the City of Philadelphia Department of Human Services, in the caption of the Amended Complaint.[32] In the Amended Complaint, Scruggs requests "to add more defendants to the petition" and asserts claims of "civil rights as well as wrongful death."[33] She also cites to 18 U.S.C. § 371, the federal criminal statute that prohibits two or more persons from conspiring to commit an offense against or defraud the United States.[34]

---

[27] ECF No. 8.

[28] ECF No. 9.

[29] *Id.*

[30] ECF No. 10.

[31] ECF No. 11.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 2.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint and Amended Complaint if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). That means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Scruggs is proceeding *pro se*, we construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

A complaint may be dismissed for failure to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires that a pleading include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets the "plain" statement requirement, we "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

6

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  Where the claims are unclear and the facts are underdeveloped, the Complaint fails to provide fair notice of the grounds upon which a plaintiff's claims rest as required by Rule 8.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *Wright v. United States*, No. 22-1164, 2023 WL 4540469 (3d Cir, July 14, 2023) (*per curiam*) (affirming the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them).

## DISCUSSION

Scruggs' presentation of her claims is so confusing, disjointed, and unclear, that neither the Court nor any potential defendants can understand the complete nature of her claims and the factual basis underlying each one.

A complaint must contain a caption that includes the name of each party, state its claims in numbered paragraphs, and provide a short and plain statement of the grounds for jurisdiction and the factual basis for each claim. It must also include a demand for the relief sought. Fed. R. Civ. P. 3, 8, and 10. As stated, the complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93.

A complaint cannot state a claim by relying solely on exhibits absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendant. *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.") (citations and quotations omitted).

Additionally, "an amended pleading supersedes the original pleading and renders the original pleading a nullity," meaning that "the most recently filed amended complaint becomes the operative pleading." *Id.* at 82. Even under the liberal construction afforded to complaints filed by *pro se* litigants, courts need not amalgamate documents to construct claims. *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) ("[L]iberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings."); *Smith v. Price*, No. 11-1581,

2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted,* No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff.").

Scruggs has submitted two pleadings and several groups of exhibits and letters. None of her submissions articulate a narrative of events explaining a factual basis for any legal claim. She cannot do so. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

To the extent that Scruggs seeks to assert civil liability based on a criminal statute, her claims are not cognizable. Criminal statutes do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely

create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). The fact that a federal statute has been allegedly violated and some person harmed does not automatically give rise to a private cause of action for the injured person. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 689 (1979).

## CONCLUSION

For the foregoing reasons, we shall grant Scruggs leave to proceed *in forma pauperis* and dismiss her Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Scruggs may file a second amended complaint if she can state a plausible basis for a claim by stating the factual basis for each claim and identifying a responsible defendant or defendants. If she opts to do so, she must comply with Rule 8 and assert the facts underlying her claims in a short and plain narrative statement. She may attach and refer to exhibits but may not rely upon the content of an exhibit to state a claim. Instead, she must allege all of the facts upon which she bases her claims. Scruggs must also comply with the requirements in Federal Rule of Civil Procedure 10. Her pleading must contain a caption naming all parties she seeks to sue and state her allegations in numbered paragraphs. In short, she must "flesh out [her] allegations by . . . explaining in [the second] amended complaint the 'who, what, where, when and why' of

[her] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).